**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MULTILINK INCORPORATED, | ) CASE NO. 1:23-cv-964 |
| | ) |
| Plaintiff/Counter-Defendant, | ) JUDGE CHARLES E. FLEMING |
| | ) |
| v. | ) |
| | ) |
| CONWAY CORPORATION, | ) |
| | ) **MEMORANDUM OPINION AND** |
| Defendant/Counter-Plaintiff. | ) **ORDER** |
| | ) |

Before the Court is Plaintiff/Counter-Defendant Multilink Incorporated's ("Multilink")

motion for summary judgment (ECF No. 36). Defendant/Counter-Plaintiff Conway Corporation

("Conway") filed a timely opposition, (ECF No. 37), and Multilink filed a reply in support, (ECF

No. 38). For the reasons discussed below, Multilink's motion for summary judgment is

**GRANTED IN PART** and Conway's breach of contract counterclaim is **DISMISSED WITH**

**PREJUDICE**.

I.      **FACTUAL BACKGROUND**

Multilink is an Ohio corporation that designs, manufactures, and supplies

telecommunications network components. (ECF No. 1, PageID #5–6, ¶¶ 1, 7). Conway is an

Arkansas corporation and utility company that provides electric, water, wastewater, video,

internet, voice and security systems to the community of Conway, Arkansas, as well as related

construction, maintenance, and repair services. (*Id.* at PageID #5–6, ¶¶ 2, 11; ECF No. 14, PageID

#158, ¶ 11; *id.* at PageID #162–63, ¶¶ 1, 5). Multilink sells a product known as Microduct, which

is a semi-rigid, bendable PVC tubing that can be used as a conduit between two points through

1

which one can feed fiber optic and other cables. (ECF No. 35-1, PageID #423–24, 449–50; ECF No. 36, PageID #654–55; ECF No. 37, PageID #710).

Before 2019, Multilink and Conway had been doing business for around 20 years, with Conway specifically working with Multilink's salesperson Jordan Smoot for at least 10 years. (ECF No. 35-1, PageID #446–48; ECF No. 36-1, PageID #673, ¶¶ 2–3). Around 2019, Smoot contacted Conway and offered Microduct as a solution for running fiber optic cable in telecommunication installations. (ECF No. 35-1, PageID #448–49; ECF No. 36-1, PageID #673, ¶ 3). In 2019, Conway made four separate orders of Microduct from Multilink totaling $18,461.14, (ECF No. 35-1, PageID #492–94, 502–03; ECF No. 36-2, PageID #677, ¶12), with: (i) the first purchase order placed on February 6, 2019 in the amount of $6,153.809, (ECF No. 36-2, PageID #675, ¶ 3, ECF No. 36-3); (ii) the second purchase order placed on April 23, 2019 in the amount of $3,076.90, (ECF No. 36-2, PageID #676, ¶ 5, ECF No. 36-5); (iii) the third purchase order placed on April 30, 2019 in the amount of $3,076.90, (ECF No. 36-2, PageID #676, ¶ 7, ECF No. 36-7); and (iv) the fourth and final purchase order placed on May 15, 2019 in the amount of $6,153.80, (ECF No. 36-2, PageID #676, ¶ 9, ECF No. 36-9). Upon receipt of each purchase order, Multilink issued an "Order Acknowledgment" to Joe Walker, a Conway employee, which contained Multilink's standard Terms and Conditions of Sale (collectively, "Order Acknowledgements"). (ECF No. 36-2, PageID #675–76, ¶¶ 4, 6, 8, 10; ECF Nos. 36-4, 36-6, 36-8, 36-10).

The Order Acknowledgements all contained the same provision setting forth that the terms and conditions within the Order Acknowledgements (Multilink's standard Terms and Conditions of Sale) constituted the entire contract between Multilink and Conway for the sale of Microduct:

> Entire Agreement: Any term or condition contained in Purchaser's purchase order, acknowledgement form, confirmation or any other document issued by Purchaser

that conflicts with any term of this Contract, or that adds to MULTILINK'S obligations under this Contract, is not part of this Contract and is not binding upon MULTILINK unless specifically identified and accepted in writing by an officer of MULTILINK. This document, including any attachments, embodies the entire agreement of the parties as to the subject matter contained in this document. There are no promises, terms, conditions, or obligations between the parties regarding the subject matter of this Contract other than those contained in this document, including any attachments. This Contract supersedes all previous communications, representations, or agreements, either verbal or written, between the parties, including any correspondence, proposals, quotes, brochures, samples, models, or specification sheets, or any other oral or written statements or representations made by any MULTILINK salesmen. Accordingly, the parties shall request that any court or tribunal called upon to consider and enforce this Contract strictly apply the "parol evidence" rule. No course of prior dealings between the parties and no usage of trade is relevant to supplement or explain any term of this Contract.

(ECF No. 36-4, PageID #680; ECF No. 36-6, PageID #683; ECF No. 36-8, PageID #686; ECF No. 36-10, PageID #689).  The Order Acknowledgements also provided the following relevant provisions:

Non-conformance return: All materials sold by MULTILINK are non-returnable except for manufacturing defects. Upon receipt of materials, the customer will have 30 days to make a viable claim for non-conformance. Any material shown to MULTILINK'S satisfaction to be non-conforming at time of shipment will be replaced. MULTILINK will then render credit for the returned goods, provided MULTILINK shall not be responsible for claims beyond replacement value of the defective material. Before returning any material, Purchaser must obtain written material return authorization from MULTILINK.

* * *

Express warranties: MULTILINK warrants that the goods are free from any material defect in workmanship and materials under normal and proper usage for a period of one year from the date of shipment by MULTILINK. Purchaser acknowledges that no sample or model of the goods, nor any sales literature, proposals, projections, or engineering data regarding the goods are any part of the basis of the bargain between the parties. Purchaser has made, and relies solely upon, its own determination of the suitability, compatibility, performance, and uses of the goods, and acknowledges to MULTILINK that the Purchaser does not rely upon any oral or written representations or statements by MULTILINK regarding the goods, other than as expressly set forth in this Contract.

* * *

3

<u>Disclaimer of Implied Warranties</u>: IN ALL EVENTS, WITH RESPECT TO ALL GOODS SOLD, MULTILINK DISCLAIMS THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.

\* \* \*

<u>Statute of Limitations</u>: The parties desire to reduce the period of limitations to one year. Accordingly, a party must commence a cause of action for a breach of this Contract…within one year after the cause of action has accrued.

(ECF No. 36-4, PageID #679–80; ECF No. 36-6, PageID #682–83; ECF No. 36-8, PageID #685–86; ECF No. 36-10, PageID #688–89).

Conway, upon receipt of the Microduct orders, performed an initial inspection that found the goods to be in acceptable condition and held them in its warehouse for a time.  (ECF No. 34-1, PageID #368, 73–74).  The delivered Microduct were later installed at construction project sites for residential apartments by outside contractors under Conway's supervision.  (ECF No. 35-1, PageID #425–26).  Sometime in early 2021, Conway discovered issues with the Microduct losing its shape and warping in detrimental ways, while another manufacturer's product maintained its shape.  (ECF No. 33-1, PageID #261–64; ECF No. 35-1, PageID #511–14, 517–19).  In March 2021, Conway notified Multilink about the issues with the Microduct.  (ECF No. 35-1, PageID #510–11, 614).

## II.    PROCEDURAL BACKGROUND

On April 11, 2023, Multilink filed a complaint for declaratory judgment against Conway in the Lorain County Court of Common Pleas.  (ECF No. 1-1).  Multilink asserts a single cause of action for declaratory judgment, requesting a declaration that: (i) the Order Acknowledgements are binding contracts between Multilink and Conway; (ii) the statute of limitations bars Conway from pursuing breach of contract and breach of warranty claims against Multilink; (iii) Conway

cannot seek a refund for the relevant goods (the Microduct); and (iv) Conway missed the deadline to reject or protest the relevant goods. (ECF No. 1-1, PageID #8–11).

On May 11, 2023, Conway removed this action to the Northern District of Ohio on the basis of the Court's diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). Conway filed an answer to the complaint and a counterclaim against Multilink on May 31, 2024.[1] (ECF No. 14). Conway asserts a single counterclaim for breach of contract and alleges that Multilink's Microduct were nonconforming, defective, and not suitable to Conway's purposes, which constitutes a substantive and material breach of the contract between the parties. (*Id.* at PageID #162–64).

On January 29, 2026, Multilink filed the instant motion for summary judgment. (ECF No. 36). On March 2, 2026, Conway filed its opposition to the motion. (ECF No. 37). Multilink filed its reply in support of the motion on March 16, 2026. (ECF No. 38).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. The Rule states that a district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if it is "based on evidence upon which a reasonable jury could return a verdict in favor of the non-moving party." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 487 (6th Cir. 2006). A fact is material if "its resolution might affect the outcome of the suit under the governing substantive law." *Id*. The moving party bears the burden of showing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The court views the facts and draws all reasonable inferences in favor of the non-

---

[1] On May 16, 2023, Conway filed a Motion to Transfer Venue and/or Dismiss, which sought dismissal based on a lack of personal jurisdiction and transfer due to improper and inconvenient venue. (ECF No. 6). The Court denied that motion on May 17, 2024. (ECF No. 13).

moving party. *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 628 (6th Cir. 2018). Once the moving party satisfies its burden, the burden shifts to the non-moving party to produce evidence that demonstrates that there is a genuine dispute of a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986); *Zinn v. United States*, 885 F. Supp. 2d 866, 871 (N.D. Ohio 2012) (citing *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992)).

## IV.    DISCUSSION

Multilink provides extensive arguments that the Order Acknowledgments constitute valid and enforceable contracts between Multilink and Conway, the terms and conditions of which control with relation to the sale of the Microduct underlying the current dispute. (ECF No. 36, PageID #667–71). Conway provides no argument in opposition, as it only argues that: (i) there is an issue of material fact as to whether Multilink violated the express warranty due to the low heat tolerance/non-conformity of the Microduct; and (ii) the breach of contract counterclaim is timely. (ECF No. 37, PageID #712–16). Because Conway does not respond to Multilink's arguments about the Order Acknowledgements being valid and enforceable contracts, it has waived any argument in opposition. *See Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *A.B. Pratt & Co. v. Bridgeport Grp.*, LLC, No. 1:22-cv-1579, 2023 U.S. Dist. LEXIS 62708, at *73 (N.D. Ohio Apr. 10, 2023) (collecting cases); *see also Vanderbilt Univ. v. NLRB*, 759 F. Supp. 3d 812, 850 n.16 (M.D. Tenn. 2024) ("Given Defendants' failure to fulsomely address this point, whatever their rationale may be, the Court finds Defendants waived any such opposition for the purposes of resolving the motion here." (internal citations omitted)); *Santo's Italian Café LLC v. Acuity Ins. Co.*, 508 F. Supp. 3d 186, 207 (N.D. Ohio 2020) ("It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff

6

failed to address as conceded.").  In light of the lack of opposition, and having reviewed the Order Acknowledgements, the Court finds that the Order Acknowledgements constitute valid and enforceable contracts.

The Court will now address a threshold issue concerning the timeliness of Conway's counterclaim for breach of contract.  Multilink argues that Conway's breach of contract counterclaim is barred by the statute of limitations.  (ECF No. 36, PageID #666–67).  It specifically argues that: (i) Conway's cause of action for breach would have accrued and start to run, at the latest, on May 30, 2019 (the date Conway received the fourth and final purchase order); (ii) the parties' validly contracted to reduce the statute of limitations period for any breach of contract claims to one year; and (iii) this action was commenced on April 11, 2023, after the statute of limitations lapsed.  (*Id.*).  Conway responds that its breach of contract counterclaim is timely because the claim did not accrue until it discovered the latent defects of the Microduct in early 2021.  (ECF No. 37, PageID #715–16).  Multilink replies that Conway does not dispute the validity and enforceability of the one-year statute of limitations and, even accepting Conway's argument that the statute of limitations began to run in early 2021, the one-year statute of limitations still lapsed before this action commenced.  (ECF No. 38, PageID #738–39).

The Court agrees with Multilink that the applicable statute of limitations bars Conway's breach of contract counterclaim.  Claims for breach of contract under Ohio law are generally governed by the six-year statute of limitations under Ohio Rev. Code § 2305.06, while contracts for the sale of goods are governed by the UCC's four-year statute of limitations.  *See* Ohio Rev. Code § 1302.98.  However, under Ohio law, parties may contract to shorten the statute of limitations period so long as the shorter period is reasonable and the contract provision is clear and unambiguous.  *Angel v. Reed*, 2008-Ohio-3193, 119 Ohio St. 3d 73, 891 N.E.2d 1179, 1181 (Ohio

2008); *Kraly v. Vannewkirk*, 69 Ohio St. 3d 627, 635 N.E.2d 323, 327 (Ohio 1994); *see also Conte v. Blossom Homes L.L.C.*, 2016-Ohio-7480, ¶ 38, 63 N.E.3d 1245 (Ohio Ct. App. 2016) ("However, such a contractual limitations period is valid only if the time provision is unambiguous, is for a reasonable period, and is not in violation of public policy.").

The Order Acknowledgements each contain the following provision:

Statute of Limitations: The parties desire to reduce the period of limitations to one year. Accordingly, a party must commence a cause of action for a breach of this Contract, including a breach of warranty, within one year after the cause of action has accrued.

(ECF No. 36-4, PageID #680; ECF No. 36-6, PageID #682–83; ECF No. 36-8, PageID #686; ECF No. 36-10, PageID #688).

Here, Conway does not challenge the applicability and validity of the one-year statute of limitations provided in the Order Acknowledgements. Therefore, it again waives any opposition to the validity and enforceability of the contractual statute of limitations provision. *See Humphrey*, 279 F. App'x at 331. Regardless, the Court finds the one-year statute of limitations to be valid and enforceable because the contract provision is unambiguous and the one-year period is reasonable. *See Lawrence v. NVR, Inc.*, No. 1:25CV01454, 2026 LX 131252, at *20–36 (N.D. Ohio Mar. 13, 2026) (finding that a one-year contractual limitations period was reasonable and enforceable); *Smith v. City of Barberton*, No. 1:20CV584, 2021 U.S. Dist. LEXIS 36449, at *10 (N.D. Ohio Feb. 26, 2021) ("Ohio courts have routinely held one-year contractual limitation clauses are reasonable and enforceable.") (collecting cases); *Mastellone v. Lightning Rod Mut. Ins. Co.*, 2008-Ohio-311, ¶¶ 46-47, 175 Ohio App. 3d 23, 884 N.E.2d 1130 (Ohio Ct. App. 2008) (holding that "[a] one-year limitation-of-action clause in an insurance policy is considered reasonable").

Although the parties disagree as to whether the one-year statute of limitations began to run when the last of the Microduct were delivered to Conway (on May 30, 2019), or when Conway

8

discovered the alleged latent defects of the Microduct (in early 2021), the Court need not decide when the counterclaim accrued because the limitations period lapsed either way.  Conway states that it discovered the latent defects in early 2021, (ECF No. 37, PageID #715), and record evidence demonstrates that it became aware of defects with the Microduct by March 2021, (ECF No. 35-1, PageID #510–12, 614).  Even if the Court sided with Conway—and determined its breach of contract counterclaim accrued on the date of discovery in March 2021—the one-year limitations period would have lapsed by April 2022.  This action started on April 11, 2023, when Multilink filed its initial complaint in state court, (ECF No. 1-1), more than a year later.  As a result, Conway's breach of contract counterclaim, and any claim based on breach of warranty or non-conforming goods, are barred by the contractual limitations period.  Multilink is therefore entitled to summary judgment in its favor on Conway's breach of contract counterclaim.

Because the Court has found that the Order Acknowledgements are legally binding and enforceable contracts and Conway's breach of contract counterclaim is barred by the statute of limitations, as well any other claim relating to breach of warranty or non-conforming goods, the Court declines to address the remaining arguments concerning the breach of express warranty, heat tolerance, and acceptance/return of goods.  The resolution of these issues is unnecessary and/or rendered moot by the statute of limitations having lapsed.

## V.     CONCLUSION

For the foregoing reasons, Multilink's motion for summary judgment (ECF No. 36) is **GRANTED IN PART**.  Summary judgment is entered in Multilink's favor and against Conway on the breach of contract counterclaim against Multilink and the counterclaim is **DISMISSED WITH PREJUDICE**.  Summary judgment is entered in Multilink's favor and against Conway on Multilink's declaratory judgment claim, to the extent that the Court declares:

1.      The Order Acknowledgments are legally binding and enforceable contracts; and

2.      Defendant is unable to pursue any cause of action for breach of contract and/or breach of warranty because the statute of limitations to pursue such claims have since expired

**IT IS SO ORDERED.**

Date: June 15, 2026

_____
**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**